UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **JOEY DAVIDSON** | * | **CIVIL ACTION NO. 11-0636** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **WEYERHAEUSER CORPORATION** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court is a hybrid "Motion for Improper Venue Pursuant Fed.R.Civ.Proc. Art. 12(b)(3) and Motion for Change of Venue Pursuant 28 U.S.C. § 1404 Et. Seq." [doc. # 9] filed by defendant Weyerhaeuser NR Company. For reasons assigned below it is recommended that the motion(s) be DENIED.

### STATEMENT OF FACTS

On April 21, 2011, Joey Davidson filed the instant complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., and the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 623, against his former employer, Weyerhaeuser NR Company (incorrectly named in the complaint as "Weyerhaeuser Corporation) (hereinafter, "Weyerhaeuser"). Davidson contends that Weyerhaeuser unlawfully discriminated against him on the bases of gender and age when it discharged him from his position as a human resources executive at Weyerhaeuser's lumber facility at Dodson, Louisiana.

On June 10, 2011, Weyerhaeuser answered the suit. It contemporaneously filed the instant "motion for improper venue" under Rule 12(b)(3) and for change of venue under 28

U.S.C. § 1404. Weyerhaeuser argues that venue is improper in the Monroe Division of the Western District of Louisiana.[1] It contends, instead, that the case should be transferred to this court's Alexandria Division because the facility where Davidson worked is located in Winn Parish, which lies within the Alexandria Division. The motion is opposed. Davidson, who resides in Lincoln Parish, within this court's Monroe Division, argues that the court should give effect to his choice of forum. Briefing is complete; the matter is before the court.

## DISCUSSION

### I. Venue is Proper in the Monroe Division of the Western District of Louisiana

Challenges to venue are properly brought under Rule 12(b)(3). *Advocacy Center for Elderly and Disabled v. Louisiana Dept. of Health and Hospitals*, 731 F. Supp. 2d 583, 601 (E.D. La. 2010). "[T]he plaintiff has the burden of proving the district he chose is a district of proper venue." *Joseph v. Emmons*, No. 04-2843, 2005 U.S. Dist. LEXIS 5528, at *5 (E.D. La. Mar. 22, 2005); *accord Smith v. Fortenberry*, 903 F. Supp. 1018, 1019-20 (E.D. La. 1995). When considering a Rule 12(b)(3) motion, courts "must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *See Braspetro Oil Services Co. v. Modec (USA), Inc.*, 240 Fed. Appx. 612, 615 (5th Cir. May 11, 2007) (unpubl.) (citations omitted). Furthermore, the court may consider evidence beyond the facts "alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009), *cert. denied by*, *Ambraco, Inc. v. M/V Clipper Faith*, ___ U.S. ___, 130 S.Ct. 1054 (2010) (citations omitted).

---

[1] For "purposes of the administration of the business of the court," the Western District of Louisiana is divided into five divisions: Alexandria, Lake Charles, Monroe, Lafayette, and Shreveport. LR 77.3.

Generally, venue must be proper as to each cause of action. *Murungi v. Touro Infirmary*, 2011 WL 3206859 (W.D. La. June 29, 2011) (Hanna, M.J.) (citations omitted).[2] As mentioned above, plaintiff asserts claims under the ADEA and Title VII. The ADEA does not contain a special venue provision; thus, venue is determined by the general venue statute, 28 U.S.C. § 1391. *Tucker v. U.S. Dept. of Army*, 42 F.3d 641, 1994 WL 708661, *2 (5th Cir. Dec. 6, 1994) (unpubl.). When, as here, a civil action is not premised solely upon diversity jurisdiction, it may (except as otherwise provided by law) be brought only in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Furthermore,

> [f]or purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(c).

There is no question that Weyerhaeuser is subject to personal jurisdiction in the Western District

---

[2] Report and Recommendation adopted by *Murungi v. Touro Infirmary*, 2011 WL 3206847 (W.D. La. Jul 26, 2011).

of Louisiana, and consequently, that it "resides" in this district for purposes of venue. *See e.g.*, Decl. of Jeannette L. Roth; Reply Memo., Exh. (describing various Weyerhaeuser facilities located in the Western District of Louisiana). More importantly for our present purposes, however, the general venue statute speaks in terms of districts, not divisions; it does not require suit to be filed in any particular division within the district. *See Says v. M/V DAVID C DEVALL*, 161 F. Supp.2d 752, 753 (S.D. Tex. 2001); 14D Wright, Miller & Cooper, *Federal Practice & Procedure Federal Practice & Procedure: Jurisdiction* § 3809, pg. 271 (3d Ed. 2007) (venue need not lie within a particular division within a district).[3] Thus, venue properly lies in any division in this district.

>   Title VII's special venue statute also speaks in terms of districts, not divisions:
>
>> [s]uch an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Some courts have read this statute as authorizing suit in *any* district in the state, provided one of the requisite connections is present in another district in the same state. *See e.g., EEOC v. Parish Water Work's Co.*, 415 F. Supp. 124, 124-126 (E.D. La. 1976) (Rubin, J.); *Murungi*, 2011

---

[3] In 1988, Congress repealed the statute that formerly established "divisional venue." *Mike Hooks, Inc. v. Eskridge*, 2011 WL 888117 (W.D. La. March 9, 2011) (Trimble, J.) (citations omitted). While Congress authorized multi-judge courts to establish rules and orders for assignment of cases, 28 U.S.C. § 137, the Western District of Louisiana has not adopted any local rules regarding divisional venue. *Id*.

WL 3206859 at *3 (citing cases). At a minimum, however, "[a] Title VII plaintiff may bring his or her suit in any division of any district where the cause of action arose . . ." *Ashworth v. Eastern Airlines, Inc.*, 1974 WL 321, *2 (E.D. Va. Oct. 2, 1974). While in some cases this may lead to forum-shopping, Congress intended to afford greater convenience to plaintiffs in seeking redress of their civil rights. *Id*.

In sum, because movant concedes that venue is proper in the Alexandria Division of the Western District of Louisiana, *see* discussion *infra*, the court necessarily finds that venue also is proper in this court's Monroe Division. Notwithstanding plaintiff's wide latitude to select a forum under the special and general venue statutes, this discretion is not unfettered; rather, it is checked, albeit inefficiently, by 28 U.S.C. § 1404. *See In Re Volkswagen of America, Inc.*, 545 F.3d 304, 312-313 (5th Cir. 2008) (en banc) ("*Volkswagen II*").

**II.    The Alexandria Division is not Clearly More Convenient than the Monroe Division**

Weyerhaeuser alternatively seeks a change of venue to the Alexandria Division pursuant to paragraphs (a), (b), and (c) of 28 U.S.C. § 1404. The court observes, however, that § 1404(b) authorizes transfer only when all of the parties consent or agree,[4] – a precondition that is not present here. *See* Opp. Memo. Furthermore, § 1404(c) permits a court to try a civil case at "any place *within the division* in which it is pending." 28 U.S.C. § 1404(c) (emphasis added). As Weyerhaeuser seeks to transfer this matter to a different division, § 1404(c) does not apply, by its own terms. That leaves § 1404(a), i.e., transfer for the "convenience of parties and witnesses, in the interest of justice . . ."

---

[4] *In re Gibson*, 423 Fed. Appx. 385, *4 (5th Cir. Apr. 20, 2011) (unpubl.).

The preliminary inquiry under § 1404(a) is whether a civil action "might have been brought" in the destination venue. *Volkswagen II, supra*. For the same reasons that venue is proper in the Monroe Division of the Western District of Louisiana, the action also might have been brought in the Alexandria Division. *See* discussion, *supra*.

Having shown that the Alexandria Division is a potential alternative forum for purposes of § 1404(a), Weyerhaeuser must further establish "good cause" for the transfer. *Volkswagen II, supra* (citation omitted). To establish "good cause," the moving party must demonstrate that the transferee venue is "clearly more convenient" than the venue initially selected by the plaintiff. *Id*. In other words, the plaintiff's choice of forum should not be disturbed unless the transferee forum is "clearly more convenient." *Id*.

To make this determination, the court considers a number of "not necessarily exhaustive or exclusive" private and public interest factors. *Volkswagen II*, 545 F.3d at 315. The private interest factors include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*. (citations omitted). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*. No individual factor is dispositive. *Id*. (citation omitted).

    **a)**     **Private Interest Factors**

        1)     <u>Relative Ease of Access to Sources of Proof</u>

According to Weyerhaeuser, "the originals and copies of books, documents and records pertaining to present and former employees of the Dodson facility are located and maintained at the Dodson facility; copies of certain books, documents and records are also maintained at the principal offices of Weyerhaeuser Company located in Federal Way, Washington." (Decl. of Dawn Leatherwood; M/Transfer, Exh).  It is not clear, however, whether or to what extent the foregoing documents, books, and records are actually duplicated at the two sites.  Moreover, other documents, including those pertaining to potential comparators, Dawn Leatherwood and/or Carol Hall,[5] may be housed at other Weyerhaeuser facilities outside of the Alexandria Division.  To the extent that any documents from the Dodson facility will have to be physically transported to trial in this matter, Dodson is actually closer to Monroe (54 miles) than to Alexandria (60 miles).  *See* Google Maps.  Thus, this factor no more than nominally favors transfer to Alexandria.

        2)        <u>Availability of Compulsory Process to Secure the Attendance of Witnesses</u>

Weyerhaeuser concedes that this factor remains neutral because it is not aware of any non-party witnesses to be called at trial who reside outside the subpoena power of either division.

        3)        <u>Cost of Attendance for Willing Witnesses</u>

Of the potential witnesses identified by Weyerhaeuser, a transfer to the Alexandria Division only clearly favors one:  Billy Benefield, Jr., who resides in Natchitoches, Louisiana and works at Weyerhaeuser's facilities in Natchitoches and  Zwolle, Louisiana.  (Leatherwood

---

[5] *See* Decl. of Jeannette L. Roth; Def. Reply Memo., Exh. (identifying Billy Benefield, Jr., Joey Davidson, Dawn Leatherwood, and Carol Hall as the pool of human resources personnel from which management ultimately selected Davidson for downsizing).

7

Decl.).[6]  Conversely, the Monroe Division would be more convenient for the other two potential comparators, Dawn Leatherwood and Carol Hall.  Ms. Leatherwood has offices not only at the Dodson facility, but also at two other Weyerhaeuser facilities, one of which is located in Lincoln Parish within the Monroe Division, and the other in Columbia County, Arkansas, which presumably is closer to the Monroe Division, than the Alexandria Division.  *See* Decl. of Dawn Leatherwood; M/Transfer, Exh.  Moreover, Leatherwood resides in Calhoun, Louisiana, which is only 16 miles from Monroe.  *See* Google Maps.

Carol Hall was employed at Weyerhaeuser's facility in Idabel, Oklahoma.  *See* Roth Decl.  The record does not confirm, however, her current residence or place of employment.

The individuals who made the final decision to terminate plaintiff's employment are Janice Adams, Cheryl Bourn, and J.R. Roth.  (Roth Decl., ¶ 22).  Roth resides in North Carolina, but there is no evidence regarding Bourn's and Adams' residences. *Id*.  Moreover, there is no evidence that any of these decision-makers worked (or currently work) at the Dodson facility.

With regard to other employees at the Dodson facility who may be called to testify (including the plant manager), the record indicates that the vast majority reside in Winn or Jackson Parishes, which are located in the Alexandria and Monroe Divisions, respectively.  (Leatherwood Decl.).

As stated earlier, Dodson is closer to Monroe than to Alexandria.  Thus, the mileage costs for any witnesses attending trial in Monroe will be less than the cost for attending trial in Alexandria.  Furthermore, the Fifth Circuit has established a 100-mile threshold or rule, which

---

[6] Natchitoches Parish lies within the court's Alexandria Division.  It is approximately 55 miles away from Alexandria and 94 miles away from Monroe.  *See* Google Maps.

provides that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen II, supra* (citing *In re Volkswagen AG*, 371 F.3d 201 (5th Cir. 2004) ("*Volkswagen I*"). Here, the 100-mile "threshold" is not even breached; thus, inconvenience of witnesses is not at issue.[7]

In sum, this factor does not clearly favor transfer.

### 4) All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive

Weyerhaeuser did not identify any considerations under this factor that are not contemplated by other factors. *See* discussion, *infra*. Accordingly, this factor does not favor transfer.

## b) Public Interest Factors

### 1) Administrative Difficulties Flowing from Court Congestion

Weyerhaeuser contends that plaintiff' request for a trial by jury presents an "administrative difficulty." (M/Transfer, Memo., pg. 5). However, this case is currently set for a jury trial in Monroe on August 27, 2012. (Sept. 27, 2011, Sched. Order). There is no evidence that a jury trial in Monroe presents any more "administrative difficulties flowing from court congestion" than a jury trial in Alexandria. Thus, this factor does not favor transfer.

### 2) Local Interest in Having Localized Interests Decided at Home

This factor seeks to uphold the ideal that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *See*

---

[7] The distance between the Monroe and Alexandria courthouses is approximately 96 miles. *See* Google Maps.

*Volkswagen, I, supra* (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)). Here, however, plaintiff resides in this division. (Leatherwood Decl.). Therefore, the effects of Weyerhaeuser's alleged discriminatory conduct will be felt here. Moreover, unlike other employment discrimination cases, defendant has a significant presence in this division. For instance, many of its employees at the Dodson facility reside in Jackson Parish. Defendant also has another lumber facility located in Lincoln Parish, within this division. (Leatherwood Decl.). Moreover, if plaintiff prevails and Weyerhaeuser reinstates him to his position at the Dodson facility, this effect will be felt here because he will replace Dawn Leatherwood, who resides in this division.

In short, the outcome of the instant dispute will be felt in this division. Thus, a jury pool drawn from the parishes within the Monroe Division will not be divorced from the litigants or the dispute. Accordingly, this factor does not favor transfer.

Weyerhaeuser concedes that the remaining public interest factors are balanced and do not favor either division. (M/Transfer, Memo., pg. 5).

Upon consideration of the foregoing factors, the court is not persuaded that the Alexandria Division is "clearly more convenient," than the instant forum. Accordingly, Weyerhaeuser has not demonstrated good cause for the proposed transfer. 28 U.S.C. § 1404(a).

For the foregoing reasons,

**IT IS RECOMMENDED** that the hybrid "Motion for Improper Venue Pursuant Fed.R.Civ.Proc. Art. 12(b)(3) and Motion for Change of Venue Pursuant 28 U.S.C. § 1404 Et. Seq." [doc. # 9] filed by defendant Weyerhaeuser NR Company be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have

**fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 4th day of October 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE